UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

   -v-                                  Case No. 1:21-cr-000023 (TJK)

JOSHUA PRUITT,
        Defendant.

**OPPOSITION TO GOVERNMENT'S
POSITION REGARDING CONDITIONS OF RELEASE**

Comes now the defendant, JOSHUA PRUITT, by and through counsel and submits this brief in opposition to the Government's Position Regarding Conditions of Release (Dkt. 33). Mr. Pruitt urges this Honorable Court to deny the Government's request that his conditions of release be revoked. In support of which counsel states the following:

**I.  Relevant Procedural History**

On January 4, 2022, the United States Pretrial Services Office filed a report alleging violations of curfew by Mr. Pruitt. The report recommended Mr. Pruitt's removal from the High-Intensity Supervision Program (HISP).

On January 6, 2022, the Government filed its position regarding conditions of release (Dkt. 33). The government requested that Mr. Pruitt's conditions of release be revoked.

On January 7, 2022, this Honorable Court entered a minute order directing the United States Pretrial Services Office to file any supplemental violation report on or before January 10, 2022. The Court further ordered that Mr. Pruitt file any opposition in response to the Government's position regarding conditions of release on or before January 11, 2022.

1

On January 10, 2022, the United States Pretrial Services Office filed a supplemental violation report. (Dkt. 35).

Mr. Pruitt now files this opposition brief.

**II.     Legal Predicate**

Pretrial detention and release are governed by the Bail Reform Act (BRA), 18 U.S.C. § 3142, et seq. The BRA instructs the Court to seek "the least restrictive further condition or conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. § 3142(c)(1)(B). However, if the Court finds after the hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court "shall order the detention of the person before trial." Id. § 3142(e)(1). Where a detention ruling is based on a defendant's danger to the community, the Court must make the finding by clear and convincing evidence. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (*per curiam*).

The Court's determination is governed by four factors:

    1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

    2) The weight of the evidence against the person;

    3) The history and characteristics of the person, including –

        A.   The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

    community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and;

  B. Whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; a and;

4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

When considering whether there are any conditions of pretrial release "that will reasonably assure" a particular defendant's appearance in court, and the safety of the community, 18 U.S.C. § 3142(f), Congress carefully prescribed these four factors that a court must consider. Id. § 3142(g).

## III. Argument

Mr. Pruitt submits this Honorable Court should deny the Government's request to revoke his conditions of release. He avers that any non-compliance with the terms of his release are insignificant and do not warrant such drastic action by this Court.

### A. Mr. Pruitt's Performance on Pretrial Release

As detailed in the report filed by the United States Pretrial Services on January 10, 2022 (Dkt. 35) Mr. Pruitt was released on conditions on January 7, 2021. He was placed on HISP with special conditions to include a curfew. At the request of Mr. Pruitt this Honorable Court has twice previously modified his original conditions. First, the Court extended his curfew to permit Mr. Pruitt to seek gainful employment. Second, the Court to permitted Mr. Pruitt to relocate

outside of the District to again pursue employment.

Since his release Mr. Pruitt has complied with the following conditions:

1. Report to Pretrial Services Agency (PSA) for evaluation;

2. Report for program orientation;

3. Report to Pretrial Services Agency (PSA) weekly;

4. Comply with Stay Away Order;

5. Report to Maryland Probation Officer on or before January 8, 2021;

6. Not use or illegally possess a narcotic drug or other controlled substance;

7. Do not possess firearms;

8. Report for GPS installation orientation;

9. Report to supervising officer every contact with law enforcement.

There are no allegations that Mr. Pruitt has committed any violations of local, state or federal law.  There are no allegations of any acts of violence committed by Mr. Pruitt while on supervision.  Mr. Pruitt has sought, obtained, and maintained gainful employment.

The nature of the alleged violations surround (1) curfew violations and (2) threats made by Mr. Pruitt via social media.  Again, Mr. Pruitt submits for the reasons more detailed below such allegations do not support a conclusion that his conditions of release should be revoked.

**B. Curfew Violations**

Mr. Pruitt concedes that he has experienced several occasions where he was unable to maintain compliance with the curfew imposed.  While a strict liability approach may justify finding Mr. Pruitt in violation and the imposition of a sanction as suggested by the Government, Mr. Pruitt urges this Honorable Court to consider the context of his non-compliance before taking such sever actions.

4

By way of background, it should be noted that Mr. Pruitt is employed as a bartender. As previously noted a number of the alleged curfew violations were attributed to Mr. Pruitt participating in job searches and interviews that sometimes took place outside of the curfew. There is no evidence that during these violations that Mr. Pruitt was engaged in any dangerous or unlawful conduct. As a bartender, Mr. Pruitt's employment often requires that he work during the late evening hours. It must also be noted that Mr. Pruitt does not own an automobile. He often relies on the good will of others to assist him with his transportation needs. This includes transportation to and from his work venues. During the violations identified in the most recent report by pretrial services Mr. Pruitt's failure to return to his home within the curfew were attributed to reasons beyond his control.

### C. Social Media

In addition to the alleged curfew violations the Government also raises the allegation that Mr. Pruitt has engaged in concerning behavior in social media. Namely, the Government brings to this Court's attention in its moving papers that Mr. Pruitt has made threatening comments to others. These threats include violence. Much like the allegations surrounding his violations of curfew, these items must also be taken in context.

Since being charged in the instant matter, Mr. Pruitt has be subjected to threats, harassment, and attacks over social media. Many of these threats are rooted in others objecting to Mr. Pruitt's political and social views. Due to media reports Mr. Pruitt's image has appeared in reports in national media accounts of the events associated with the January 6, 2021 at the United States Capital. This attention has only been intensified by his alleged affiliation with The Proud Boys. Below are just a sampling of the verbal assault inflicted on Mr. Pruitt via social media and text messages:



In one threatening video an unidentified individual threatens to come to Mr. Pruitt's residence for the purpose of confronting and assaulting him.

https://www.dropbox.com/s/bken8dzs257w3v0/death%20threat%20to%20Josh.mp4?dl=0

Some of the attacks and threats seem to be related to a belief that Mr. Pruitt has displayed disloyalty to The Proud Boys.  His participation in interviews broadcast by the "liberal" media has also resulted in similar social media postings attacking him.

https://www.dropbox.com/s/8xqxuuhj6an69ax/Part0.3gp?dl=0

Many of the video postings are clearly designed to antagonize Mr. Pruitt and to provoke a response.  https://www.dropbox.com/s/kxzr2axj5b49gct/Attachment.mp4?dl=0

Beyond words, there is no evidence that Mr. Pruitt has committed any acts of violence in response to these threats and attacks.  Mr. Pruitt's responses have been designed to deter these

attacks while asserting his right and ability to defend himself.  Mr. Pruitt does not own any firearms.  And there is no evidence that since being placed on supervision by this Honorable Court has he possessed any firearms.

## IV. Conclusion

For the reasons stated herein and those that may become evident at a hearing on this matter Mr. Pruitt urges this Honorable Court to deny the Government's request to revoke his conditions of release.

I ASK FOR THIS

JOSHUA PRUITT
By Counsel


_____/s/_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia  22314
(703) 309 0899 Telephone
(703) 229 8652 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant JOSHUA PRUITT

## Certificate of Service

I hereby certify that I caused a true and accurate copy of the foregoing to be served on all counsel of record via ECF on this January 11, 2022.


_____/s/_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia  22314
(703) 309 0899 Telephone
(703) 229 8652 Fax

RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant JOSHUA PRUITT