UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-23 (TJK) |
| | : | |
| JOSHUA PRUITT, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION IN *LIMINE* TO PRECLUDE
CERTAIN DEFENSE ARGUMENTS AND EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following motions in *limine* to preclude the following defense arguments and admission of evidence during trial in this case.

**Motion in *Limine* No. 1:**     To Preclude Defendant from Arguing Entrapment by Estoppel, *i.e.*, that Former President Trump Gave Permission to Defendant

The government moves in *limine* to prohibit Defendant from making arguments or attempting to introduce non-relevant evidence that former President Trump gave permission for Defendant to attack the U.S. Capitol.

The defense of entrapment by estoppel on "applies to a defendant who reasonably relies on the assurance of a government official that specified conduct will not violate the law." *United States v. Alvarado*, 808 F.3d 474, 484–85 (11th Cir. 2015). Such reliance must be "objectively reasonable." *United States v. Barker*, 546 F.2d 940, 948 (D.C. Cir. 1976); *United States v. Votrobek*, 847 F.3d 1335, 1344 (11th Cir. 2017). As Chief Judge Howell wrote last year in rejecting the idea of an entrapment-by-estoppel defense for January 6 defendants:

> [A President] cannot, in keeping with his constitutional function and his responsibilities under Article II, lawfully permit actions that directly undermine the Constitution. Thus, a President cannot, within the confines of his constitutional

1

authority, prevent the constitutionally mandated certification of the results of a Presidential Election or encourage others to do so on his behalf, nor can he direct an assault on the coequal Legislative branch of government. Were a President to attempt to condone such conduct, he would act *ultra vires* and thus without the force of his constitutional authority. . . . Put simply, even if former President Trump in fact [explicitly directed the rioters' actions,] his statements would not immunize defendants charged with offenses arising from the January 6 assault on the Capitol from criminal liability.

*United States v. Chrestman*, 525 F. Supp. 3d 14, 32-33 (D.D.C. 2021). The D.C. Circuit came to the same conclusion when addressing Oliver North's contention that President Reagan authorized his obstruction of Congress in that case: "'[n]either the President nor any of [North's] superiors had the legal authority to order anyone to violate the law,' particularly if such 'orders,' explicit or implicit, represented nothing more than [the President's] desires." *United States v. North*, 910 F.2d 843, 891 n.24 (D.C. Cir. 1990) (per curiam), *opinion withdrawn and superseded in part on reh'g*, 920 F.2d 940 (D.C. Cir. 1990).

Chief Judge Howell's opinion in *Chrestman* adopted a four-part test from the Tenth Circuit, which limits the entrapment-by-estoppel defense to narrow circumstances. *Chrestman*, 525 F. Supp. 3d at 33 (citing *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)). "To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *Cox*, 906 at 1191.

Here, Defendant cannot meet the requirements of the Tenth Circuit's four-part test. To begin, Defendant has not and cannot point to any government official who advised the Defendant

that his conduct was legal. Former President Trump's speech on January 6 could not serve this purpose.  Former President Trump did not state that the U.S. Capitol grounds were no longer "restricted" under 18 U.S.C. § 1752(a); nor that it would not constitute obstruction of the proceeding to enter the Capitol building under 18 U.S.C. § 1512; nor that property inside the Capitol building was not government property, and so could be destroyed notwithstanding 18 U.S.C. § 1361. Former President Trump did not purport to reinterpret a specific criminal statute to render Defendant's conduct non-criminal. He therefore did not "actively mis[lead]" Defendant "about the state of the law defining the offense." *Cox*, 906 F.3d at 1191. Defendant has not identified anyone else who might have authority to do so who did so either.

And even if Defendant were able to point to a government official, which he cannot, the Defendant cannot show that his reliance was reasonable. "[R]easonable reliance occurs" only "if 'a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries.'" *United States v. Lynch*, 903 F.3d 1061, 1077 (9th Cir. 2018) (internal quotation marks omitted); *United States v. Corso*, 20 F.3d 521, 528 (2d Cir. 1994) (adopting "sincerely desirous" standard). It is objectively unreasonable to conclude that President Trump could authorize citizens to break into the Capitol and interfere with the Electoral College proceedings that were being conducted. Indeed, the Supreme Court has made clear that an entrapment by estoppel defense is not available in cases where a government official's directive constitutes a "waiver of law" beyond the official's lawful authority. *Cox v. Louisiana*, 379 U.S. 559 (1965) (Drawing an "obvious[]" distinction between identifying an area for lawful protest and "allowing one to commit, for example, murder or robbery."). Any "instruction" from a President to wage an unlawful assault on the Legislative branch of government would exceed the President's constitutional authority. *Id.*, citing *Youngstown Sheet & Tube Co. v. Sawyer*, 343

U.S. 579, 588–89, 614 (1952) (enjoining actions taken by the President that exceeded his constitutional powers). This is because "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters." *Chrestman*, 525 F. Supp. 3d at 32. Accordingly, any such argument would be *per se* unreasonable.

Defendant's conduct was plainly beyond any conduct that could be reasonably sanctioned. Defendant should be prohibited from making arguments or attempting to introduce non-relevant evidence that former President Trump or any other government official authorized Defendant's conduct at the Capitol.

**Motion in *Limine* No. 2:** **To Preclude Defendant from Arguing or Commenting in a Manner That Encourages Jury Nullification, Whether During *Voir Dire* or During Trial**

Defendant should be prohibited from making arguments or attempting to introduce non-relevant evidence that encourages jury nullification. As the D.C. Circuit has made clear,

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983). Evidence that only serves to support a jury nullification argument or verdict has no relevance to guilt or innocence. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant").

The government has identified the following subject areas, which are not relevant to the issues under consideration by the jury, and which could serve as an improper invitation for the jury to nullify its fact-finding and conclusions under the law.

A. <u>Conditions of Incarceration</u>

Any attempt to raise or suggest that the Defendant has been subject to unsafe or unsanitary conditions while incarcerated should be viewed as an effort to trigger the jury to consider an improper, emotional basis in reaching a verdict. *See United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013); *United States v. Ausby,* 2019 WL 7037605, at *10 (D.D.C. Dec. 20, 2019) (slip opinion). Such evidence only serves to inflame the passions of the jury and is properly viewed as an invitation for the jury to engage in nullification.

B. <u>Statements Regarding Punishment and the Collateral Consequences of Prison</u>

Defendant may face significant prison time were he to be found guilty here, and Defendant should not be permitted to arouse the jury's sympathy by introducing any evidence or attempting to argue of the hardships of prison or the possibility that a significant portion of his life may be spent in prison. These circumstances have no bearing on the Defendant's guilt and invite jury nullification. *See United States v. Bell*, 506 F.2d 207, 226 (D.C. Cir. 1974) ("evidence which has the effect of inspiring sympathy for the defendant or for the victim … is prejudicial and inadmissible when otherwise irrelevant") (internal citation omitted); *United States v. White*, 225 F. Supp. 514, 519 (D.D.C 1963) ("The proffered testimony (which was clearly designed solely to arouse sympathy for defendant) was thus properly excluded.").

**Motion in *Limine* No. 3**:  To Admit Defendant's Out-of-Court Statements as Statements by a Party Opponent Under Federal Rule of Evidence 801(d)(2)(A)

Under Federal Rule of Evidence 801(d)(2)(A), an opposing party's statement is not hearsay when offered against him or her if it "was made by the party in an individual or representative

capacity." Fed. R. Evid. 801(d)(2)(A); *United States v. Blake*, 195 F. Supp. 3d 605, 609 (S.D.N.Y. 2016) ("[A] party's own statement, if offered against him, is not hearsay."). Here, the Government intends to introduce the statements of Defendant, including those made (1) to law enforcement during and incident to his arrest as captured on body worn camera footage, (2) to law enforcement during his custodial, post-*Mirandized* interview, (3) in recorded communications (e.g., text messages and social media) prior to and after January 6, and (4) during media appearances after January 6.

The Court should admit these statements when offered by the Government against the Defendant—even if offered for the truth of the matters asserted—because they are statements by a party-opponent and, therefore, non-hearsay evidence under Rule 801(d)(2)(A).

**Motion in *Limine* No. 4**:     To Preclude Defendant's Use of His Own Out-of-Court Statements as Inadmissible Hearsay

While the government may use the statements of a defendant against him under Federal Rule of Evidence 801(d)(2) (admission by party-opponent), this Rule may not be relied upon by the defendant. It is proper for the government to offer such statements as admissions of a party opponent under Federal Rule of Evidence 801(d)(2)(A). It is not, however, appropriate for the defense to admit the defendant's statements. *See e.g.*, *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1987) (A defendant cannot present "self-serving hearsay" to the jury without the benefit of cross-examination by the United States).

Defendants who choose not to testify and subject themselves to cross-examination do not have the right to present self-serving hearsay statements. *See United States v. Wilkerson*, 84 F.3d 692 (4th Cir. 1996). Under Rule 801(d)(2), such out-of-court statements are admissible only if offered against them, and "[t]here is no exception provided in the rules for a self-serving, exculpatory statement made by a party, which is sought for admission by that same party." *United*

6

*States v. Beltre*, 188 F.3d 503, 1999 WL 638605, at *3 (4th Cir. 1999). "[W]hen the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." *United States v. Blake*, 195 F. Supp. 3d 605, 610 (S.D.N.Y. 2016), quoting *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982).

Moreover, Federal Rule of Evidence 106 (rule of completeness) does not provide a mechanism to end run the prohibition against the introduction of self-serving hearsay. The completeness doctrine does not "require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *Id.* quoting *United States v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999).

**Motion in *Limine* No. 5:    To Preclude Defendant from Asserting that Law Enforcement Permitted Defendant's Entry During Any Jury Address or Cross Examination**

In his prior media appearances, Defendant has argued that he "walked in through a front door held open by cops who waived [him] in." CNN Special Report *available at* https://www.cnn.com/videos/politics/2021/06/18/capitol-riot-documentary-cnn-preview-drew-griffin-vpx.cnn (accessed April 28, 2022). When confronted by the interviewer, Defendant doubled down and argued that "there's video of it." Defendant claimed that when he walked through the door "cops were at the door and they were standing at the sides of the door and they were waiving people in." *Id.* No such video exists because no such thing took place. Even if Defendant has convinced himself of these alternative facts, it is incumbent on defense counsel to have a good faith basis from which to make any such argument or present any such information to the jury. No such basis exists here, and defense counsel should be precluded from introducing such arguments. *United States v. Fowler*, 465 F.2d 664, 666 (D.C. Cir. 1972) (The "general rule is that the questioner must be in possession of some facts which support a genuine belief that the witness committed the offense or the degrading act to which the questioning relates.")

7

The Court has authority to limit the introduction of such information during jury address and on cross examination. District courts "enjoy[ ] wide discretion to control cross-examination." *Harbor Ins. Co. v. Schnabel Found. Co., Inc.*, 946 F.2d 930, 935 (D.C.Cir.1991), cert. denied, 504 U.S. 931, 112 S.Ct. 1996, 118 L.Ed.2d 592 (1992). The Confrontation Clause "does not bar a judge from imposing reasonable limits on a defense counsel's inquiries." *United States v. Derr*, 990 F.2d 1330, 1334 (D.C.Cir.1993).

Here, absent any good faith basis on which to advance such argument other than his own client, defense counsel must not be permitted to introduce highly prejudicial and unfounded facts into the record. *United States v. Lin*, 101 F.3d 760, 767 (D.C. Cir. 1996), as amended (Jan. 28, 1997) (ruling that the proffer of the defendant's self-serving statements was not sufficient to form a good faith basis upon which to initiate a highly prejudicial line of cross-examination).

**Motion in *Limine* No. 6:**     **To Preclude Defendant from Arguing Self Defense or Defense of Others**

To establish a prima facie case of self-defense, Defendant must make an offer of proof of "(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006). "If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial." *United States v. Cramer*, 532 Fed. Appx. 789, 791 (9th Cir. 2013) (citing *United States v. Bailey*, 444 U.S. 394, 415 (1980)).

Here, the Defendant will not be able to put forth any evidence that he had a reasonable belief that his actions were necessary to defend himself against the immediate use of unlawful force. Defendant's own statements and actions undermine any claim that Defendant had a

reasonable belief that he was engaged in an act of defending himself. Likewise, Defendant's persistent and unrelenting effort to push forward and inside the Capitol, and his unprovoked throwing of objects, belies any claim that Defendant was engaged in conduct that the Defendant reasonably believed was *necessary* to protect himself against unlawful force.

Through his words and actions, the Defendant made plain his intent. The Court should exclude any testimony and evidence purporting to assert a claim of self-defense.

## CONCLUSION

Motions in limine are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F.Supp.2d 6, 10 (D.D.C. 2011) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990)). The government presents these issues to the Court in an effort to prepare this case for an efficient trial. For the reasons set forth herein, the United States respectfully requests that this Court grant the government's motion in *limine* no. 1 – 6, as set forth herein.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

/s/ *Jason McCullough*
JASON B.A. MCCULLOUGH
D.C. Bar No. 998006; NY Bar No. 4544953
ALEXIS J. LOEB (Detailed to USAO-DC)
CA Bar No. 269895
Assistant United States Attorneys
601 D Street, NW
Washington, D.C. 20579
415 436-7168 // Alexis.Loeb@usdoj.gov
202 252-7233 // Jason.McCullough2@usdoj.gov

## CERTIFICATE OF SERVICE

      I certify that, by virtue of the Court's ECF system, a copy of the foregoing Motion in *Limine* of the United States to Preclude Certain Defense Arguments and Evidence has been sent to counsel for the defendant on April 29, 2022.

      By:    */s/ Jason McCullough*
                  JASON B.A. McCULLOUGH
                  Assistant United States Attorney