IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v. Case No.: 1:21-cr-00023-TJK

JOSHUA PRUITT,

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

COMES NOW, the Defendant, JOSHUA PRUITT, by and through counsel and files this request that this Honorable Court enter an order preventing the prosecution from introducing and evidence in its case in chief concerning the defendant's affiliation with the Proud Boys. In support of which counsel the states the following:

## I. Legal Predicate

### A. Relevance

"`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Even if relevant, Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Iskander*, 407 F.3d 232, 238 (4th Cir. 2005); *United States v. Bell*, 1999 WL 25552 at *6 (4th Cir. 1999); *United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996).

Assuming *arguendo* that this Court determines that such evidence has relevance to an issue to be decided by the jury, it is further submitted that any probative value of this evidence is outweighed by its prejudicial effect on the Defendant. If this evidence of

other acts is relevant for a proper purpose under Rule 404(b), the district court must balance the probative value of the evidence against any danger to the Defendant of unfair prejudice. *United States v. Johnson*, 893 F.2d at 453; *United States v. Fields*, 871 F.2d at 196; Fed.R.Evid. 403.

**B. FRE 404(B)**

The FRE provide for certain exceptions to the general rule that character evidence is not admissible to prove conduct at trial. FRE 404(b) provides that:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused the prosecution in a criminal case should provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Allowing evidence of specific acts of misconduct of extraneous offenses to be introduced before the jury without first determining their admissibility would prejudice the jury and deprive the Defendant of a fair trial. U.S. Const. amend. V, VI, and XIV, sec. 2.

FRE 404(b) prohibits "evidence of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith." It permits such evidence for purposes unrelated to the defendant's character or propensity to commit crime, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FRE 404(b).

Compliance with FRE 404(b) does not itself assure admission of the other crimes evidence. If the defendant moves under Rule 403, the court may exclude the evidence on the basis that it is "unfairly prejudicial, cumulative or the like, its relevance notwithstanding." *See Old Chief v. United States,* 519 U.S. 172, 179, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). The Supreme Court made much the same point in *Huddleston v. United States,* 485 U.S. 681, 688, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988): if evidence is offered for a proper purpose under Rule 404(b), "the evidence is subject only to general strictures limiting admissibility such as Rules 402 and 403.". FRE 404(b) is "the opportunity to seek . . . admission," rather than admission itself. *Crowder*, 141 F.3d at 1206. Although evidence of a prior bad act is relevant to a non-propensity purpose, it is nonetheless inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." FRE 403.

## II. Argument

### A. Evidence of Mr. Pruitt's Alleged Affiliation with the Proud Boys is Not Relevant and Highly Prejudicial.

In the instant case, the government has disclosed pursuant to Fed.R.Evidence 16 information evidencing the defendant's affiliation with the Proud Boys. The Proud Boys organization has been identified as an extremist group. Predicated on local and national media reports the organization is associated with racially charged beliefs. Some members have been branded by the media as violent racist. According to the disclosures made by the government to the defendant has been captured in photographs displaying indicators of membership in Proud Boys. There also appears to be video evidence of the defendant being inducted into the Proud Boys.

Mr. Pruitt is not charged with any conspiracy offenses. The indictment filed in this matter charged several discrete substantive offenses. None of which require the government to establish the defendant affiliation with any group. Upon information and belief, the government does not intend to establish at trial that Mr. Pruitt coordinated his efforts on January 6, 2021 with anyone. This includes the Proud Boys. There is simply no relevance to any affiliation or connection Mr. Pruitt may have to the Proud Boys.

The only purpose for offering any evidence concerning Mr. Pruitt's alleged affiliation with the Proud Boys is to distract the jury. Such evidence would be highly prejudicial. Any evidentiary value to such evidence is clearly outweighed by prejudice under FRE 403.

### B. Evidence of Mr. Pruitt's Alleged Affiliation with the Proud Boys Is Impermissible Bad Character Evidence.

In light of the limited nature of the charges in the superseding indictment there can be no legitimate purpose for introducing any evidence concerning Mr. Pruitt's alleged affiliation with the Proud Boys other than to establish bad character on his part. The depiction of the Proud Boys in both local and national media as a racist, extremist, and violent group runs the real risk of prejudicing the jury against Mr. Pruitt. Absent any relevant purpose this evidence should not be allowed.

## III. Conclusion

Based on the foregoing arguments and authorities, this Court is respectfully urged to preclude any attempts by the government to admit any evidence of Mr. Pruitt's alleged affiliation with the Proud Boys.

I ASK FOR THIS

JOSHUA PRUITT
By Counsel

___________/s/________________
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.: CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant JOSHUA PRUITT

**Certificate of Service**

I hereby certify that I caused a true and accurate copy of the foregoing to be served on all counsel of record via ECF on this May 2, 2022.

___________/s/________________
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.: CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant JOSHUA PRUITT