IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                    Case No.:  1:21-cr-00023-TJK

JOSHUA PRUITT,

**MEMORANDUM IN SUPPORT OF MOTION FOR CHANGE OF VENUE**

Come now the defendant, JOSHUA PRUITT, by and through counsel and files this memorandum in support of his motion for change of venue.

**I.      Legal Predicate**

A change of venue is required on motion of the Defendant if "extraordinary local prejudice will prevent a fair trial." *Skilling v. United States*, 561 U.S. 358, 378 (2010). As Skilling reaffirmed, this entitlement is a "'basic requirement of due process.'" Id. (quoting *In re Murchison*, 249 U.S. 133, 136 (1955)). In addition, Fed. R. Crim. P. 21(a) obliges a trial court to transfer proceedings to another district "if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."

In order to insure a defendant's right to a fair trial which is free from prejudice, Federal Rule of Criminal Procedure 21(a) provides:

> For Prejudice. Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.

This Rule permits a defendant to request a change of venue in a criminal case when he believes a fair and impartial jury cannot be obtained in the district where the alleged crime was committed.

District courts have discretion when deciding whether to change venue due to prejudicial pretrial publicity. *Ehrlichman v. Sirica*, 419 U.S. 1310, 1312 (1974); *U.S. v. Williams*, 523 F.2d 1203, 1208 (5th Cir. 1975). The standards governing a change of venue derive from the due process clause of the Fourteenth Amendment, which safeguards a defendant's Sixth Amendment right to be tried by "a panel of impartial, 'indifferent' jurors." *Coleman v. Kemp*, 778 F.2d 1487, 1542 (11th Cir. 1985), cert. denied, 476 US. 1164 (1986) (*citing Irvin v. Dodd*, 366 U.S. 717, 722 (1961)). Furthermore, the Supreme Court of the United States recognizes instances where a trial court may be unable to seat an impartial jury, due to prejudicial pretrial publicity or inflamed community atmosphere. In such situations, due process requires that the trial court grant a defendant's motion for a change of venue. *Rideau v. Louisiana*, 373 U.S. 723, 726 (1963); *see also Coleman*, 778 F.2d at 1542. Granting motions to transfer venue in these situations guarantees the fundamental fairness of the defendant's trial. *Id; see also Murphy v. Florida*, 421 U.S. 794, 799 (1975). Courts observe two tests for change of venue motions based upon prejudicial pretrial publicity: "actual prejudice," as discussed in *Irvin v. Dodd, supra*, and "inherent prejudice," as explained in *Murphy v. Florida, supra. See also United States v. Campa*, 459 F.3d 1121, 1143 (11th Cir. 2006). *Coleman v. Zant* sets forth the Eleventh Circuit's standards governing motions for change of venue. To justify a change of venue under Rule 21(a), defendants must meet one of these two standards.

Actual prejudice occurs when "the prejudice actually enters the jury box and affects the jurors." *Heath v. Jones*, 941 F.2d 1126, 1134 (11th Cir. 1991). To determine if actual prejudice occurred, courts examine the totality of the circumstances and the extent of the prejudice. In order for a petitioner to prevail under the standard of "actual prejudice," he must demonstrate that some jurors who served on his jury had preconceived notions as to his guilt that they could not lay aside. *Johnson v. Kemp*, 759 F.2d 1503, 1510 (11th Cir. 1985).

To establish that pretrial publicity prejudiced an accused without an actual showing of prejudice in the jury box, she must show: "(1) that widespread, pervasive prejudice against [her] and prejudicial pretrial publicity saturates the community where [she] is to be tried and (2) that there is a reasonable certainty that such prejudice will prevent [her] from obtaining a fair trial by an impartial jury." *Campa*, 459 F.3d at 1143; *see also Rideau v. Louisiana*, 373 U.S. 723 (1963); *Bundy v. Dugger*, 850 F.2d 1402, 1424 (11th Cir. 1988); Coleman, 778 F.2d at 1490.

The inherent prejudice standard, like the actual prejudice standard, requires courts to examine the totality of the circumstances in determining the extent of the prejudice. See Coleman, 778 F.2d at 1491. The Eleventh Circuit emphasizes that "no single factor is dispositive" in examining the totality of the circumstances. Id. at 1538 (holding that the Court "weighed each element of the prejudicial publicity, taking into consideration the pervasiveness of the circulation thereof, and how that publicity contributed to the totality of the circumstances.").

The inherent prejudice principle is reserved for an "extreme situation" and "[t]he burden placed upon the [defendant] to show that pretrial publicity deprived him of his right to a fair trial before an impartial jury is an extremely heavy one." *Campa*, 459 F.3d at 1143 (internal quotation omitted).

II.      Argument

The events of January 6, 2021, have been extensively covered by the media.  It has appeared on countless amounts number television, print, and internet outlets.  It has been purported to be the subject of the largest investigation and prosecution in the history the United States.  It has been characterized as an attempted insurrection by a violent racist mob.  While much of the media coverage has been national in scope, some even international,  the local coverage has been even more intense.

The conduct the defendant and the more than 800 other defendants occurred in the District of Columbia.  The jury pool will be limited to residents of the District of Columbia.  In one way or another

nearly every potential juror in the District of Columbia were impacted by the events.  As a consequence, the risk of bias is substantial.  It is unlikely that a fair and impartial jury can be seated in this matter.

Mr. Pruitt has a constitutional right to a fair trial.  This includes the right to a impartial jury.  The extensive negative media coverage adversely impacts both of these fundamental rights.  The vast majority of the coverage has branded all those who participated in the demonstrations at the United States Capitol on January 6, 2021 as insurrectionist.  It is difficult to imagine any patriotic citizen not being impacted by the images and reports which have been published.

This Honorable Court should not run the significant risk that impaneling a fair and impartial jury can be achieved.  In light of the important of protecting Mr. Pruitt's constitutional rights, the Court should grant his motion change the venue.

I ASK FOR THIS:

_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 229-8652 Fax
RJenkins@BynumAndJenkinsLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and accurate copy of the foregoing to be served via ECF to all counsel of record on May 2, 2022.

_____

Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 229-8652 Fax
RJenkins@BynumAndJenkinsLaw.com