IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      v.                                 Case No.:  1:21-cr-00023-TJK

JOSHUA PRUITT,
    Accused.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS INDICTMENT

Comes now the defendant, JOSHUA PRUITT, by and through counsel and submits this memorandum in support of his motion to dismiss the indictment.

### I. Legal Predicate

The Speedy Trial Act requires that criminal defendants be brought to trial within 70 days of being charged, otherwise the accused is entitled to a mandatory dismissal of the charges. The Act also enumerates certain circumstances that allow the courts to delay the time of trial without need for dismissal.

A defendant's right to a speedy trial has constitutional and statutory underpinnings in addition to the Speedy Trial Act. Federal statutes of limitations provide a time frame within which charges must be filed. Moreover, Rule 48, Fed. R. Crim. P., grants trial courts discretion to dismiss cases that are not brought to trial promptly. See Rule 48(b), Fed. R. Crim. P. (authorizing trial court to dismiss indictment if there is "unnecessary delay" in presenting the charge to a grand jury, in filing an information, or in bringing a defendant to trial).

To establish a Sixth Amendment violation, a defendant must show that the *Barker v. Wingo* factors weigh in his favor. 407 U.S. 514 (1972). Those factors are: (1) whether the delay was uncommonly long; (2) what the reason was for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant. 407 U.S. at 530. A one

year delay is generally treated as presumptively prejudicial. *United States v. Thomas*, 55 F.3d 144, 149 (4th Cir. 1995) (*citing Doggett v. United States*, 505 U.S. 647 (1992)).

## II. Argument

The defendant demands that the indictment in this matter be dismissed with prejudice. For the reasons detailed below the delay in prosecution has resulted in prejudice. The defendant's rights pursuant to the Fifth and Sixth Amendments to the United States Constitution, Title 18 U.S.§ 3161 and Rule 48, Fed. R. Crim. P. have been violated.

### A. Delay

It can not be argued that a delay in the prosecution has not occurred. Mr. Pruitt was originally arrested on the evening of January 6, 2021. The original complaint in this matter was filed on January 7, 2021. Trial is the matter is set for July 18, 2022. The trial date is well beyond the 70 parameters of the Speedy Trial Act. It is more than 180 days from his initial appearance. Again, there is no question the delays in this matter violate the provisions of the Speedy Trial Act.

It is notable that much of the delay was attributed to the government's inability to comply with its discovery obligations in a timely manner. For months on end this Honorable Court held status hearings to monitor the progress of the government's compliance with Rule 16 and relevant case-law concerning its discovery obligations. Repeatedly for well over a year since Mr. Pruitt's arrest the government still was not in a position to ensure this Honorable Court that it had satisfied their obligations.

While the government will undoubtedly continue to repeat the significance of the scope of the investigation and prosecution related to the events of January 6, 2021 at the United States Capitol as justification for the delay. However, this factor should not impair Mr. Pruitt's

2

constitutional right to a speedy trial. It may be argued that the Mr. Pruitt's conduct on January 6, 2021 was not the government's choosing, however, it was clearly the decision of the government as to when to charge the defendant. It was also the decision of the government at to what offenses to charge the defendant. The fact that the government elected to file a criminal complaint at a time in which it was ill-prepared to satisfy its discovery obligations should not be charged to the defendant. The delays were unnecessary. Rule 48(b), Fed. R. Crim. P.

### B. Prejudice

The defendant submits he has suffered prejudice by the unnecessary delays in this matter. As a consequence of these delays the defendant's ability to adequately investigate the facts and circumstances surrounding the alleged offenses have been impaired. Specifically, his ability to identify, locate, and interview witnesses have been adversely impacted.

The facts surrounding the allegations against the defendant occurred nearly 17 months years. His difficulties are only compounded by his pretrial detention. The condition of which frustrate his ability to meet and confer with his counsel. Every day his trial was delayed further complicated his ability to adequately defend himself.

### C.     Defendant Asserted His Right

The record is clear that after this Honorable Court revoked his conditions of release Mr. Pruitt began asserting his right to a speedy trial. Notwithstanding this Honorable Court's findings of the "interest of justice" standard required delay it does not negate the fact that Mr. Pruitt asserted his rights.

## IV. Conclusion

Wherefore the defendant urges this Honorable Court to grant his request to dismiss the indictment in the above-styled matter.

I ASK FOR THIS,

JOSHUA PRUITT
By Counsel

_____/s/_____
ROBERT L. JENKINS, JR.
Bynum & Jenkins Law
U.S. District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
rjenkins@bynumandjenkinslaw.com
Counsel for Defendant JOSHUA PRUITT

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served via ECF to all counsel of record on this May 2, 2022.

_____/s/_____
ROBERT L. JENKINS, JR.
Bynum & Jenkins Law
U.S. District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
rjenkins@bynumandjenkinslaw.com
Counsel for Defendant JOSHUA PRUITT